

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

August 26, 1975

The Honorable W. J. Estelle, Jr.          Opinion No. H- 676
Director, Texas Department
of Corrections                                   Re:    Payment to state employees
Huntsville, Texas 77340                                injured or killed while per-
                                                                forming the duties of a
Dear Mr. Estelle:                                        hazardous position.

        You have requested our opinion regarding payment of compensation
under article 6822a, V. T. C. S., to state employees injured or killed while
performing the duties of a hazardous position. We note that although the
state employees workmen's compensation statute, article 8309h, V. T. C. S.,
overlaps to some extent with the provisions of article 6822a, we do not
believe article 6822a has been impliedly repealed. See Attorney General
Opinion H-338 (1974).

        Specifically, you inquire:

            (1)  Whether inclusion of the term 'hazardous
            position' in article V, section 8 of the 1973
            General Appropriations Act is consistent with
            the language of article 6822a, V. T. C. S., which
            authorizes payment of compensation to certain
            state employees.

            (2)  Whether the administrative head of an
            agency is authorized to determine which posi-
            tions shall be classified as 'hazardous positions.'

            (3)  Whether an employee who works in a hazardous
            position might be compensated for injuries received
            while he is engaged in activities not related to the
            hazardous classification.

Article 6822a provides:

> Section 1.  The Legislature is hereby authorized to appropriate public funds for the purpose of paying for drugs and medical, hospital, laboratory, and funeral expenses of state employees injured or killed while engaged in performance of a necessary governmental function assigned to the employee, or where the duties of such employee require the employee to expose himself to unavoidable dangers peculiar to the performance of a necessary governmental function.
>
> Section 2.  Agencies of the state are hereby authorized to expend appropriated funds for the purpose of paying for drugs and medical, hospital, laboratory, and funeral expenses to those state employees under their jurisdiction and control only when such employees are engaged in the activities described in Section 1 of this Act, and only to the extent authorized by appropriations made by the Legislature . . .

Article V, section 8 of the current General Appropriations Act provides, in pertinent part:

> . . . appropriations made in this Act . . . may also be expended for paying necessary drug, medical, hospital, and laboratory expenses for the care and treatment of any State employee injured while performing the duties of any hazardous position to which he is assigned by his State employment.  For the purposes of this Section, 'hazardous position' shall mean one for which the regular and normal duties inherently involve the risk or peril of bodily injury or harm . . .

In our opinion, article V, section 8 of the Appropriations Act validly appropriates funds upon the authority of article 6822a. The Legislature has chosen to implement only that portion of article 6822a which provides compensation for those employees who are injured or killed and whose duties "require the employee to expose himself to unavoidable dangers peculiar to the performance of a necessary governmental function." The definition of "hazardous position" in article V, section 8 appears to be equivalent in all respects to the language of article 6822a, and we perceive no inconsistency between these statutes. See Attorney General Opinion No. M-431 (1969).

Section 2 of article 6822a authorizes the expenditure of appropriated funds by "agencies of the state," and it seems apparent that, within the terms of article 6822a and the definition of "hazardous position" in article V, section 8 of the Appropriations Act, the power to expend includes the authority to determine which positions are within the statutorily-defined classification. Whether the administrative head of a particular agency is himself cloaked with the authority to make this determination depends upon the legislation creating the agency and the powers conferred upon its chief administrative officer. We therefore cannot answer this question in general terms. In the case of the Texas Department of Corrections, however, the Board of Corrections, together with the Director, is vested with the general authority of management and control by article 6166g, V. T. C. S., and the Board is directed by article 6166j to delegate to the Director the "authority to manage the affairs of the prison system, subject to its control and supervision." Accordingly, we believe that the Director of the Texas Department of Corrections is authorized, subject to the "control and supervision of the Board of Corrections," to determine which positions shall be classified as "hazardous positions."

As to your third question, it is our opinion that an employee may be compensated only for those injuries incurred while actually "performing the duties of [a] hazardous position to which he is assigned." If the assignment is "hazardous," and an injury occurs, the employee may be compensated, even though the injury is unusual or unexpected. In Attorney General Opinion M-431 (1969), this office held that a psychologist in a state hospital who contracted tuberculosis from a patient as a result of a two-hour psychological examination qualified for compensation, since the psychologist's position was "hazardous" and since his "injury" was

job-related. Thus, we believe that in order for an employee to receive compensation pursuant to article 6822a and article V, section 8 of the General Appropriations Act he must be assigned to a "hazardous position" and further, his injury must directly result from performing the duties of such hazardous position.

## SUMMARY

Article V, section 8 of the 1973 General Appropriations Act implements article 6822a, V.T.C.S., by authorizing payment of compensation to any state employee killed or injured while performing the duties of any "hazardous position." Whether the administrative head of a particular agency is authorized to determine which positions shall be classified as "hazardous" depends upon the legislation creating the agency. Any employee to whom compensation is paid must be assigned to a "hazardous position" and his injury must directly result from performing the duties of such hazardous position.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee